UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2018 MAR -9 AM 8:44
CLERK
SO. DIST. OF GA.

CV218- 25

| | |
|---|---|
| Margery Freida Mock and Eric Scott Ogden, Jr., *individually and on behalf of those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> Glynn County, Georgia; E. Neal Jump, Glynn County Sheriff; Alex Atwood, Glynn County Magistrate Judge; and B. Reid Zeh, III, Glynn County Misdemeanor Public Defender; <br><br> Defendants. | Case No. <br><br> (Class Action) |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs Margery Frieda Mock[1] and Eric Scott Ogden, Jr., hereby move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order against Defendants Glynn County and Sheriff Jump related to Claim One of their Complaint. Through this Motion, Plaintiffs seek a temporary restraining order enjoining the County and Sheriff Jump from continuing to jail them solely because they are unable to pay their secured monetary bail amounts, without verification that they have received individualized hearings with adequate procedural safeguards, including inquiries into and findings concerning their abilities to pay, the suitability of alternative non-financial conditions of release, and findings on the record that any conditions of release are the least restrictive conditions necessary to reasonably achieve court appearance and public safety.

---

[1] Plaintiffs are simultaneously filing a Motion for Preliminary Injunction on behalf of themselves and the proposed Bail Class.

1

Plaintiff Margery Freida Mock is currently jailed solely because she cannot afford to pay the amount required for her release by a bail schedule. She will remain incarcerated for the foreseeable future because she cannot afford to pay her bond of $1,256.00. The only reason Plaintiff Mock is incarcerated is because she is indigent and cannot afford to purchase her freedom. Defendants have not considered her flight risk or danger to the community, made any inquiry or findings concerning her ability to pay the secured money bail amount, or considered non-financial alternative conditions of release to determine whether she should remain jailed. If Plaintiff Mock could pay the secured money bail amount, she would be released from jail immediately. Instead, because she cannot pay, Plaintiff Mock is being jailed because of her poverty.

Plaintiff Eric Scott Ogden, Jr. is currently jailed solely because he cannot afford to pay the amount required for his release by a bail schedule. He will remain incarcerated for the foreseeable future because he cannot afford to pay his bond of $1,256.00. The only reason Plaintiff Ogden is incarcerated is because he is indigent and cannot afford to purchase his freedom. Defendants have not considered his flight risk or danger to the community, made any inquiry or findings concerning his ability to pay the secured money bail amount, or considered non-financial alternative conditions of release to determine whether he should remain jailed. If Plaintiff Ogden could pay the secured money bail amount, he would be released from jail immediately. Instead, because he cannot pay, Plaintiff Ogden is being jailed because of his poverty.

As detailed in Plaintiffs' accompanying Memorandum, if the Court does not issue a temporary restraining order, they will continue to be jailed because of their poverty. Plaintiffs are likely to prevail on the merits of their claims that it violates the Fourteenth

Amendment to jail them solely because they cannot afford to pay a monetary amount without first determining their ability to pay, considering non-financial conditions of release, and affording them adequate procedural safeguards. The threatened injury to Plaintiffs outweighs whatever damage a temporary restraining order may cause the Defendants; and the injunction would serve the public interest.

Plaintiffs are filing this Motion concurrently with the Complaint, Plaintiffs' Motion for Class Certification of a Plaintiff Rule 23(b)(2) Class and subclass, and Plaintiffs' Motion for Preliminary Injunction on behalf of themselves and the Proposed Class. Plaintiffs' counsel will arrange for hand delivery on March 9, 2018, of each of these pleadings on Defendants, and will provide a courtesy copy physically and electronically to the Glynn County Attorney's office.

Pursuant to Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs submit with this motion sworn affidavits from Margery Freida Mock and Eric Scott attesting to the irreparable injuries they will suffer unless the Court issues a temporary restraining order.

Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs' counsel certifies that it is providing notice of this motion by calling and emailing the county attorney for Glynn County.

For the foregoing reasons, and as set forth in the accompanying Memorandum, this Motion for a Temporary Restraining Order should be granted.

Dated: March 9, 2018.                             Respectfully submitted,

                                                  /s/ James A. Yancey, Jr.
                                                  James A. Yancey, Jr.

*On behalf of Attorneys for Plaintiff*

James A. Yancey, Jr.
Georgia Bar Association No. 779725
Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
Telephone: (912) 265-8562
Email: jayjr@standinthegap.biz


/s/ Sean J. Young
Sean J. Young, Georgia Bar Assn. No. 790399
Kosha S. Tucker *, Georgia Bar Assn. No. 214335
American Civil Liberties Union of Georgia
PO Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: SYoung@aclu.org
Email: KTucker@aclu.org


/s/ Andrea Woods
Andrea Woods (lead counsel)*
Twyla Carter *
Brandon J. Buskey *
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 284-7364
Email: awoods@aclu.org
Email: tcarter@aclu.org
Email: bbuskey@aclu.org
* *Admission pro hac vice pending*

**Attorneys for Plaintiff**

4

## Certificate of Service

This motion was filed simultaneously with the complaint in this action. This motion and all accompanying exhibits, along with copies of the summons and complaint, will be served on each Defendant by delivery to Professional Civil process on the same date that the Clerk of Courts issues a summons for that Defendant.

          By:  /s/ James A. Yancey, Jr.
              James A. Yancey, Jr.
              Georgia Bar Association No. 779725
              Attorney at Law, P.C.
              704 G Street
              Brunswick, Georgia 31520-6749
              Telephone: (912) 265-8562
              Email: jayjr@standinthegap.biz

## Certificate of Conference

This motion was filed simultaneously with the complaint in this action. This motion will be opposed, and will confer with Defense counsel as soon as counsel files a notice of appearance. Plaintiffs will notify the Court promptly if Defendants do not oppose this motion.

          By:  /s/ James A. Yancey, Jr.
              James A. Yancey, Jr.
              Georgia Bar Association No. 779725
              Attorney at Law, P.C.
              704 G Street
              Brunswick, Georgia 31520-6749
              Telephone: (912) 265-8562
              Email: jayjr@standinthegap.biz