IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FREIDA MOCK and ERIC SCOTT OGDEN, JR., individually and on behalf of others similarly situated,<br><br>　　Plaintiffs<br><br>　　v.<br><br>GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; and B. REID ZEH III, Glynn County Misdemeanor Public Defender,<br><br>　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>* Case Number: 2:18-cv-25<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

COME NOW Glynn County, Georgia, E. Neal Jump, Alex Atwood and B. Reid Zeh III, Defendants in the above-styled case, and file this motion to stay discovery for the reasons set forth below:

**Introduction**

The Plaintiffs have brought various claims alleging that Defendants violated Plaintiffs' constitutional rights as a result of bail determination procedures utilized by courts in Glynn County. Dkt. No. 1. From the face of Plaintiffs' Complaint, it appears that dismissal of all claims is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have filed a Motion to Dismiss all claims against them based on various defenses, including immunity defenses. Dkt. No. 46. Accordingly, Defendants request that this Court stay discovery until such time as the Court rules upon Defendants' Motion to Dismiss.

1

**Argument and Citation of Authority**

Rule 26(d) of the Federal Rules of Civil Procedure provides courts broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987) (staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2008 (2d ed. 1994) ("The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.").

Where a dispositive motion would eliminate the need for a significant amount of discovery if it were granted, it is error for a trial court to allow any discovery to proceed before it rules on the motion:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. [cit.] Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. [cit.] . . . when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (holding that trial court abused its discretion by allowing discovery on fraud claim while motion to dismiss that claim was pending). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002)(Suspension of

discovery was not an abuse of discretion "because the defendants' motions for judgment on the pleadings are challenges to the legal sufficiency of [plaintiff's] complaint that present a purely legal question [and] [f]or that reason, there was no need for discovery before the district court ruled on those motions.").

Courts in the Eleventh Circuit have consistently granted motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." *See Diaz v. Atkinson Cnty., Ga.*, No. 5:15– cv–16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); *Habib v. Bank of Am. Corp.*, No. 1:10–cv–04079, 2011 WL 2580971, at 6, n.4 (N.D. Ga. Mar. 15, 2011) (*citing Chudasama,* 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); *Berry v. Canady*, No. 2:09 - cv -765, 2011 WL 806230, at 1 (M.D. Fla. Mar. 2, 2011) (*quoting Moore v. Potter*, 141 Fed.Appx. 803, 807 (11th Cir.2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]."); *Power v. Williams*, 2010 U.S. Dist. LEXIS 15294 (M.D. Fla. 2010) (granting request to stay discovery pending the resolution of defendant's Motion to Dismiss); *United States v. Real Prop.*, 2009 U.S. Dist. LEXIS 53997 (S.D. Ga. 2009)(same); *White v. Georgia*, 2007 U.S. Dist. LEXIS 79290 (N.D. Ga. 2007)(same). This relief includes staying the requirements of conducting a Rule 26(f) conference pending a ruling on a dispositive motion. *See Dawson v. Piggott*, 2010 U.S. Dist. LEXIS 93830 (S.D. Ala. 2010)(granting motion to stay Rule 26(f) conference pending ruling on Motion to Dismiss). Indeed, the authority to issue a stay is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and the inherent power given to the courts to manage cases. *See* Fed. R. Civ. P. 26(b)(1) (recognizing that the scope of discovery may

be "limited by court order"); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

It is true that *Chudasama* and its progeny do not create a *per se* rule that discovery is stayed every time a motion to dismiss is filed. *See S. Motors Chevrolet, Inc.*, 414-cv-152, 2014 WL 5644089 at 1 (S.D. Ga. Nov. 4, 2014); *Jones v. Bank of America Corp.*, 2013 WL 5657700 at 2 (M.D. Ga. Oct. 15, 2013) ("[N]othing in *Chudasama* . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss."). Nonetheless, the principle espoused in *Chudasama*, that the Court should prevent the needless expenditure of resources on discovery, is certainly an overriding factor supportive of staying discovery. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) (*quoting Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D. N.C. 1988)).

When a party seeks a stay pending resolution of a motion to dismiss, a "court must take a 'preliminary peek' at a dispositive motion to assess the likelihood that the motion will be granted." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v. Flood*, 176 F.R.D. at 652; *Arriaga-Zacarias v. Lewis Taylor Farms*, 2008 WL 4544470 at 2 (M.D. Ga. Oct. 10, 2008).

A preliminary review of Defendants' Motion to Dismiss should reveal that they have raised potentially meritorious challenges to the legal sufficiency of Plaintiffs' Complaint. If the Court were to grant Defendants' Motion to Dismiss, this lawsuit would be dismissed in its entirety. Whether the

4

Complaint is dismissed in its entirety is a decision left to the Court. However, Plaintiffs have filed numerous claims and even a partial grant of the Motion to Dismiss would likely narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery. For example, if the Court were to agree that Plaintiffs have no sustainable damages claims, discovery would be limited. Also, if the Court were to conclude that only one particular aspect of the bail determination process deserves further evaluation, discovery would be likewise curtailed. *See Moseley v. Sessions*, 2:16-cv-153, 2017 WL 1682537 at 2 (S.D. Ga. May 1, 2017)(granting stay and noting that "[e]ven a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery."). Given the immunity issues and other potentially dispositive defenses raised in the Motion to Dismiss, Defendants request that discovery be stayed in this action.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court enter an Order staying discovery, including the Rule 26(f) conference, until Defendants' Motion to Dismiss is ruled upon.

Respectfully submitted, this 10th day of May, 2018.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia State Bar Number: 687830

/s/ Bradley J. Watkins
Bradley J. Watkins
Georgia State Bar Number: 740299

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
bwatkins@brbcsw.com

ATTORNEYS FOR DEFENDANTS

Aaron W. Mumford
Georgia Bar No. 529370
701 G. Street, 2ND Floor
Brunswick, GA 31520
(912) 554-7597

ATTORNEY FOR GLYNN COUNTY, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FREIDA MOCK and ERIC SCOTT OGDEN, JR., individually and on behalf of others similarly situated,<br><br>　　　Plaintiffs<br><br>　　v.<br><br>GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; and B. REID ZEH III, Glynn County Misdemeanor Public Defender,<br><br>　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>* Case Number: 2:18-cv-25<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 10th day of May, 2018.

　　　　　　　　　　　　　　　　　　　　　　/s/ Richard K. Strickland
　　　　　　　　　　　　　　　　　　　　　　Richard K. Strickland
　　　　　　　　　　　　　　　　　　　　　　Georgia Bar Number: 687830
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants