UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Margery Frieda Mock and Eric Scott Ogden, Jr., *individually and on behalf of those similarly situated*,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Glynn County, Georgia; E. Neal Jump, Glynn County Sheriff; Alex Atwood, Glynn County Magistrate Judge; and B. Reid Zeh, III, Glynn County Misdemeanor Public Defender;<br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-0025-LGW-RSB<br><br>(Class Action) |

## PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**I.　INTRODUCTION**

Plaintiffs respectfully move this Court for leave to file their First Amended Complaint. A copy of the proposed First Amended Complaint is attached as Exhibit A, and a document showing the red-lined changes between the original Complaint and these amendments is attached as Exhibit D. Defendants did not respond to Plaintiffs' inquiry as to whether they consent to this motion. Plaintiffs respectfully request that this Amended Motion for Leave, and the materials attached hereto, substitute their Motion for Leave filed on June 26, 2018 (Doc. No. 56). Plaintiffs' Proposed Amended Complaint has been modified to account for a subsequent development in proposed Plaintiff Robert Cox's April 2015 criminal case.

The First Amended Complaint is different from the original complaint in five respects. The First Amended Complaint adds an additional Plaintiff, Robert Franklin Cox, Jr., to serve as an additional class representative for both the proposed classes. Further, the Amended Complaint adds two state law claims by a non-class Plaintiff, Barbara R. Hamilton, against

1

Defendant Zeh, individually, that stem from the same course of conduct identified in the original complaint.  The Amended Complaint adds Glynn County State Court Judge Bart Altman as a Defendant, given his role in authoring the bail schedule in effect in Glynn County along with Defendant Alex Atwood.  Fourth, the Amended Complaint clarifies that Plaintiffs seek permanent injunctive relief, and monetary damages incidental to that injunctive relief, against Defendant Judges Altman and Atwood.  Finally, the Amended Complaint includes additional language regarding the basis for Glynn County's liability through the actions of each of the four named officials.

These amendments should have no impact on Plaintiffs' pending Motion for a Preliminary Injunction—brought solely against Defendants Glynn County and Sheriff Jump—whatsoever.  Nor should these amendments substantially affect the joint Motion to Dismiss filed on May 9, 2018.  As set forth in Plaintiffs' recent brief opposing Defendants' Motion to Dismiss, for the purposes of evaluating the Motion to Dismiss, the relevant facts are those at the time the Plaintiffs filed suit on early Friday morning, March 9.  Dkt. 49 at 5–6.  Plaintiffs' First Amended Complaint relates back to the original complaint, as the claims set forth in the Amended Complaint arise out of the same conduct set out in the original complaint.  Fed. R. Civ. P. 15(c)(1)(B).  Further, the new claims brought against Defendant Zeh do not implicate the arguments raised on Zeh's Motion to Dismiss.  Ms. Hamilton's tort claims against Zeh, and the punitive damages raised by Mr. Cox, are brought solely against Zeh in his individual capacity; thus, Zeh's arguments regarding the reach of § 1983 and his entitlement to Eleventh Amendment immunity do not apply.

## II.         FACTUAL AND PROCEDURAL BACKGROUND

### A.   Facts Pertaining to Proposed Additional Plaintiffs

Robert Franklin Cox, Jr. has lived in Glynn County for approximately eight years.  Ex. B, Cox Decl. ¶ 2.  He has been unemployed and without an income since 2015.  *Id.* ¶¶ 3, 15.  Mr.

Cox has suffered from an alcohol addiction for several years, though he is currently receiving in-patient treatment. *Id.* ¶ 3. Mr. Cox has been arrested for misdemeanors in Glynn County numerous times and subjected to long periods of wealth-based incarceration due to his inability to pay the bail requirement set in Defendants' bail schedule. *Id.* ¶¶ 4–14. On four occasions in the last two years, Mr. Cox was arrested on a misdemeanor charge, incarcerated because he could not afford to pay a bail amount set without inquiry into less restrictive alternatives or what he could afford, and detained indefinitely until pleading guilty—the only option afforded him to get out of jail. *Id.* During these periods of incarceration, Mr. Cox did not receive the assistance of a public defender, nor any guidance as to how to argue for his pretrial freedom or defend himself against the charges. *Id.* ¶¶ 4–6. In total, Defendants subjected Mr. Cox to approximately 171 days of wealth-based pretrial jailing. *Id.*

During one of Mr. Cox's misdemeanor cases in early 2015, he was referred to Defendant Attorney Zeh by Defendant Judge Bart Altman after his mother, Barbara Hamilton, paid a deposit to a bondsman to bail Mr. Cox out. Ex. B Cox Decl. ¶¶ 7–9; Ex. C Hamilton Decl. ¶¶ 5–8. After getting out of custody and attending his misdemeanor arraignment on April 1, 2015, Mr. Cox met with Defendant Zeh. Zeh informed Cox that he would only assist with his case if paid $2,500. *Id.* Zeh did not refer Cox to any other public defender despite the fact that Cox was indigent. Ms. Hamilton, Cox's mother, paid Zeh the $2,500, not realizing that Zeh was already paid by Glynn County to provide public defense services to persons like her son. Ex. C Hamilton Decl. ¶¶ 5–8. While Ms. Hamilton, who is 78 years old, does not remember the precise date on which she paid Defendant Zeh this sum, she recalls it was on or around April 1, 2015. *Id.*

**B.    The Instant Case**

Plaintiffs Margery Freida Mock and Eric Scott Ogden, Jr. filed the instant case on March 9, 2018 on behalf of themselves and those similarly situated because they were each unable to

pay the $1,256 required by Defendants for their release from jail. Dkt. 1. At the time of filing, Plaintiffs had not heard from a public defender or received any notice as to when they would appear in court, let alone notice as to what factors would be considered—if any—in setting or reducing their bail. *See* Dkt. 1-2 ¶ 17; Dkt. 1-3 ¶¶ 8–9.

Hours after Defendants were aware that this lawsuit was filed, both named Plaintiffs were both brought to a "rights read" proceeding where Defendant Atwood presided. Unlike the "rights read" proceedings held prior to the filing of this lawsuit, or any other proceeding held that day, Defendant Atwood asked about Plaintiffs' incomes. Dkt. 18-1 ¶ 8. Defendant Atwood spent much more time inquiring into Mr. Ogden and Ms. Mock's finances than anyone else. *Id.* ¶ 7. Defendants continue to suggest that the initial appearance hearings afforded to Ms. Mock and Mr. Ogden—held the day Defendants received notice of the present lawsuit—are emblematic of the individualized inquiries made of all arrestees prior to April 9, 2018 or the filing of this case. Dkt. 41 at 3; Dkt. 41-5 at 3–4; Dkt. 46-1 at 4, 10 n.4; Dkt. 55 at 1–2. This is incorrect. Prior to April 9, 2018, arrestees proceeded to a rote interview at their initial appearance, they were not asked about their finances, and their ability to pay was not factored into their bail amounts. Dkt. 1 ¶ 28; Dkt. 18-1 ¶¶ 7–8 (comparing initial appearance hearings on March 7, 2018 and March 9, 2018); Dkt. 35-2 ¶¶ 4–5 (arrestee who proceeded through an initial appearance hearing prior to filing of this case was not asked about his ability to pay); Ex. B Cox Decl. ¶¶ 4–14.

Plaintiffs Mock and Ogden were subsequently released on an unsecured bond[1]—in which the bond is only required if an individual fails to appear at a subsequent proceeding—a result not observed at prior "rights read" proceedings or any other proceeding held that day. Dkt. 13 ¶¶

---

[1] While Defendant Atwood verbally told Plaintiffs Mock and Ogden that their bonds were "OR acceptable," *see* Dkt. 18 ¶ 5, their actual bonds are unsecured. In other words, if either Plaintiff Mock or Ogden were to fail to appear, they would each be expected to pay $1,256—an amount Defendant Atwood is aware they cannot pay—or face further incarceration. Dkt. 41-3 at 2, 3.

26–27; Dkt 18-1 ¶¶ 7–8; Dkt. 35-2; Ex. B Cox Decl. Plaintiffs withdrew their motion for TRO on March 10, 2018. Dkt. 18.

On April 9, 2018, Defendants issued a Standing Bail Order ("SBO") developed by Defendant Atwood and signed by State Court Judge Bart Altman. Dkt. 41 at 4; Dkt. 41-7. Under the SBO, Defendants continue to use a predetermined secured bail schedule to determine immediately liberty from the Glynn County Detention Center. Dkt. 41-7. Under the SBO, persons with the means to pay the secured bail on the schedule are immediately released, but the poor are incarcerated for upwards of three days.[2] Defendants acknowledge that prior to April 9, 2018, they were not making determinations of misdemeanor arrestees' ability to pay in setting or considering their bond. Dkt. 41-5 ¶ 6. It is unclear how consistently Defendants' new SBO is being followed. *See* Dkt. 43 at 6; Dkt. 43-5 ¶¶ 3, 13–14.

On May 9, 2018, Defendants filed a joint Motion to Dismiss Plaintiffs' original complaint. Dkt. 46. That motion remains pending, along with Defendants' Motion to Stay Discovery (Dkt. 47), Plaintiffs' Motion for a Preliminary Injunction (Dkt. 6), and Plaintiffs' Motion for Class Certification (Dkt. 4).

**C.     Nature of Proposed Amended Complaint**

Plaintiffs now seek leave to file their First Amended Complaint. Plaintiffs' First Amended Complaint differs from their original Complaint in five respects.

1. <u>Addition of Mr. Cox as Named Plaintiff</u>

Plaintiffs' Amended Complaint adds a third named Plaintiff, Mr. Robert Franklin Cox, Jr. Mr. Cox suffered approximately 171 days of incarceration between June 3, 2016 and May 30, 2018 due to his inability to pay secured bail required in four misdemeanor cases. Mr. Cox seeks to represent the proposed Bail and Counsel classes along with Ms. Mock and Mr. Ogden. Mr.

---

[2] While Defendants purport to be releasing indigent people charged with misdemeanors within forty-eight hours of their arrest, *see* Dkt. 41-5 ¶ 10; Dkt. 41-9 ¶¶ 5–6, the SBO contemplates pretrial detention for seventy-two hours when an individual is arrested pursuant to a warrant. Dkt. 41-7 at 3.

Cox seeks declaratory and injunctive relief and money damages pursuant to the constitutional violations he has suffered and—due to his history and addiction—reasonably expects to suffer in the future. Given the particularly egregious indifference Defendant Zeh showed to Mr. Cox with respect to his Sixth and Fourteenth Amendment rights to the assistance of counsel, Mr. Cox also seeks punitive damages against Zeh in his individual capacity.

2. <u>Addition of State Court Judge Bart Altman as Defendant</u>

Second, Plaintiffs' Amended Complaint adds Glynn County State Court Judge Bart Altman as a Defendant in his individual and official capacities. After March 9, 2018, Plaintiffs became aware that Judge Altman signed the bail schedule in Glynn County and that thus he—along with Defendant Judge Atwood—is also a policymaker responsible for creating and promulgating a system of predetermined secured money bail that effectuates wealth-based detention. With leave to file the Amended Complaint, claims one and two brought by named Plaintiffs Mock, Ogden, and Cox individually and on behalf of the Bail Class would be brought against Defendants Glynn County, Atwood, Jump, and now Altman.

In their Reply brief in support of their joint Motion to Dismiss, Defendants specifically state that "[t]he claims against Judge Atwood are not premised on the allegation that he promulgated a bail schedule." Dkt. 55 at 14. By way of clarification, Plaintiffs' original complaint alleges that Defendant Atwood authored and/or enforces the terms of the bail schedule. Dkt. 1 at ¶¶ 9, 10, 16, 21, 57, 73, and 77. And, while there are other methods by which jurisdictions jail individuals based on a money bail requirement without inquiry into their ability to pay or consideration of less restrictive alternatives (Claim One) or detain them on money bail with inadequate procedural protections (Claim Two), promulgating and relying upon a secured bail schedule to dictate immediate release *necessarily* means that initial release determinations are made in violation of the constitutional principles articulated in Plaintiffs' first and second claims.

6

Plaintiffs are now aware that Judge Altman signed off on the bail schedule. Therefore, Plaintiffs submit that any relief involving changes to the bail schedule will require Judge Altman as a party. *See* Fed. R. Civ. P. 19(a)(1)(A).

3.  Additional Language on County Liability

Third, Plaintiffs' Amended Complaint adds language in ¶ 11 regarding Glynn County's liability through Defendants Jump, Altman, Atwood, and Zeh. Ex. A. This is the only development that has any bearing on the pending Motion to Dismiss.

4.  Separation of Preliminary and Permanent Injunctive Relief Sought

Fourth, Plaintiffs' Amended Complaint makes clear that, while not a subject of Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs seek injunctive relief against Defendant Judge Atwood and now Altman. Plaintiffs' original complaint included injunctive relief on behalf of the proposed Bail Class against Defendant Judge Atwood, but this was not in their Prayer for Relief. Dkt. 1 ¶ 66. A footnote in Defendants' recent reply brief in support of their Motion to Dismiss stated that "Plaintiffs do not seek injunctive relief against Judge Atwood." Dkt. 55 at 11 n.4. To avoid any further confusion, Plaintiffs' First Amended Complaint now separates their requests for preliminary injunctive relief and for permanent injunctive relief to make clear that they seek permanent injunctive relief against both Defendant Judges Atwood and Altman.

5.  Additional State Law Claims by Barbara Hamilton

Fifth and finally, Plaintiffs' Amended Complaint adds two claims—a civil theft claim and a fraud claim—brought by Plaintiff Cox's mother, Barbara Hamilton. Ms. Hamilton's claims are brought solely on her own behalf, and solely against Defendant Zeh individually. Plaintiffs allege that the Court may properly exercise supplemental jurisdiction over Ms. Hamilton's claims, as they arise out of the same conduct as the federal claims against Zeh: namely, his deficient outreach, screening, and appointment practices for persons seeking his help as misdemeanor public defender. Zeh's refusals to substantively represent his misdemeanor

7

public defense clients without additional payment is part and parcel of his general refusal to timely screen clients or appear in their cases. Thus, the injury to Ms. Hamilton in paying $2,500 to Zeh on behalf of her son is part of the same administrative practices and conduct that formed the basis for Plaintiffs' Sixth and Fourteenth Amendment claims against Zeh.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading with consent or leave of the court. Courts are instructed to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). While leave to amend is within the Court's discretion, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A. Plaintiffs Have Not Unduly Delayed Their Request for Leave to Amend, Operate in Good Faith, and Have Not Previously Failed to Cure Deficiencies

This is Plaintiffs' first request to amend their Complaint. With respect to the addition of Judge Altman as a Defendant, Plaintiffs became aware of Judge Altman's role in authorizing the bail schedule in April 2018 after the complaint was filed. *See* Dkt. 43 at 3 n.1. In Defendants' reply brief in support of their Motion to Dismiss filed June 13, 2018, they argued "[t]he claims against Judge Atwood are not premised on the allegation that he promulgated a bail schedule." Dkt. 55 at 14. While Plaintiffs originally maintained that Judge Altman was not a necessary party to this action, Dkt. 43 at 3 n.1, Defendants put direct authorship of the Glynn County bail schedule in issue in their reply brief. Plaintiffs also learned of Mr. Cox and Ms. Hamilton's interactions with Glynn County's misdemeanor post-arrest system in late May 2018. Plaintiffs

8

have not unduly delayed the bringing of the present motion. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (despite three year pendency of litigation, denial of motion for leave to amend without further evidence of prejudice or bad faith was abuse of discretion).

**B.      Leave to Amend will Not Prejudice Defendants**

Nor will Defendants be prejudiced if Plaintiffs are granted leave to amend their Complaint. Plaintiffs' request for leave would not serve to prolong discovery, relitigate settled issues, or delay disposition of this case. *See Maynard v. Bd of Regents of the Div. of Univers. of Fla. Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (upholding district court denial of motion for leave based on prejudice where plaintiff sought leave to amend on the last day of extended discovery period); *Ray v. Equifax Info. Servs., LLC*, 327 Fed. App'x 819, 822–23 (11th Cir. 2009) (upholding denial of motion for leave where plaintiff sought leave two years after close of discovery based on prejudice to opposing party).

1.      Pending Motion for Preliminary Injunction

Plaintiffs' Amended Complaint should have no bearing on Plaintiffs' Pending Motion for a Preliminary Injunction. Plaintiffs' Pending Motion for a Preliminary Injunction, brought by Plaintiffs Mock and Ogden, need not implicate Plaintiff Cox. Further, Plaintiffs' Motion for a Preliminary Injunction is sought solely against Defendants Glynn County and Jump: the addition of Judge Bart Altman as a Defendant does not change the merits of this motion.

2.      Pending Motion to Dismiss

Nor does Plaintiffs' Amended Complaint impact Defendants' joint Motion to Dismiss. In amending, Plaintiffs have not changed any of the allegations that were true at the time of filing their original Complaint on March 9, 2018. At the time of filing, Plaintiffs Mock and Ogden were incarcerated due to their inability to pay a secured money bail requirement. The addition of Mr. Cox as an additional named Plaintiff does not change any of the facts alleged on March 9, but rather adds the perspective of a Plaintiff who was detained for extended periods of time,

including after an initial appearance, without adequate procedural protections or the assistance of counsel, as set forth in Plaintiffs' claims two, three, and four. While Defendant Altman may wish to bring his own motion to dismiss, Plaintiffs anticipate that Altman will be represented by the same counsel as Defendant Atwood and raise substantially similar arguments invoking judicial immunity, Eleventh Amendment immunity, the reach of § 1983, and qualified immunity.

Plaintiffs' Amended Complaint contains additional allegations regarding the reasons under Georgia law, as well as in local practice, that the government functions of Defendants Jump, Altman, Atwood, and Zeh at issue in this suit implicate Glynn County. Ex. A ¶ 11. This language is the only portion of the Amended Complaint with any bearing on the pending Motion to Dismiss, as it tracks arguments raised by Plaintiffs in their Response in Opposition discussing the County's liability. Dkt. 49 at 7–12, 16–17, 19–21.

While it is possible that Defendant Zeh will wish to bring a motion to dismiss Ms. Hamilton's state law claims against him, any such motion will not involve the reach of § 1983 or his entitlement to Eleventh Amendment immunity. Nor will the qualified immunity arguments raised by Zeh be relevant with respect to Ms. Hamilton's claims. Thus, Ms. Hamilton's claims against Zeh do not impact the pending Motion to Dismiss.

3. <u>Pending Motion for Class Certification</u>

Plaintiffs' Amended Complaint seeks to add Plaintiff Cox as a class representative for both the Bail and Counsel classes. A slight modification, simply adding Mr. Cox, must therefore be made to Plaintiffs' pending Motion for Class Certification. If granted leave to file their First Amended Complaint, Plaintiffs will contemporaneously file an amended memorandum in support of their Motion for Class Certification and an Amended Proposed Order granting said motion.

**C.** **Justice Requires Leave to Amend**

Finally, leave to file Plaintiffs' First Amended Complaint is appropriate under Rule 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal citation omitted). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend 'should be freely given.'" *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (internal citation omitted). Plaintiffs' First Amended Complaint is substantially similar to their first Complaint, though introduces three additional parties and two additional claims. Particularly in light of the liberal standard set forth by Fed. R. Civ. P. 15(a)(2), "if the plaintiff has at least colorable grounds for relief, justice does so require." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979) (citing *Foman*, 371 U.S. at 182). Plaintiffs submit that there is no substantial reason to deny their motion for leave to amend.

## VI. CONCLUSION

Along with this motion, for the Court's reference, Plaintiffs have attached: (A) a copy of their Amended Complaint, (B) a declaration from Mr. Cox, (C) a declaration from Ms. Hamilton, and (D) a redlined document showing how their Amended Complaint differs from their original Complaint.

Dated: July 24, 2018

Respectfully submitted,

/s/ Andrea Woods
Andrea Woods
*On behalf of Attorneys for Plaintiff*

James A. Yancey, Jr.
Georgia Bar Association No. 779725
Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
Telephone: (912) 265-8562
Email: jayjr@standinthegap.biz

/s/ Kosha Tucker
Kosha Tucker,* Ga. Bar Association No. 214335
Sean J. Young, Ga. Bar Association No. 790399
American Civil Liberties Union of Georgia
PO Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: KTucker@acluga.org
Email: SYoung@acluga.org

/s/ Andrea Woods
Andrea Woods (lead counsel) *
Twyla Carter *
Brandon J. Buskey **
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 284-7364
Email: awoods@aclu.org
Email: tcarter@aclu.org
Email: bbuskey@aclu.org
*Admitted pro hac vice*
*\*\* Admission pro hac vice pending*

***Attorneys for Plaintiff***

**Certificate of Service**

       This is to certify that I have this day served counsel for Defendants in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing. I have further arranged for a courtesy copy to be sent to Bart Altman, Glynn County State Court Judge, via U.S. mail.

       Submitted this 24th day of July, 2018.
/s/ Andrea Woods
Andrea Woods*
Washington Bar Association No. 48265
Attorney for Plaintiffs Margery Mock and Eric Scott Ogden, Jr.
* *Admitted pro hac vice*