THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FRIEDA MOCK AND ERIC SCOTT OGDEN, JR., individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Magistrate Judge; and B. REID ZEH, III, Glynn County Misdemeanor Public Defender,<br><br>    Defendants. | CIVIL ACTION NO: 2:18-CV-0025-LGW-RSB |

## DEFENDANT REID ZEH'S RESPONSE TO
## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

COMES NOW B. Reid Zeh, III, Defendant herein, and, responds to Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 56 and Doc. 68) as follows:

## BACKGROUND AND FACTS

Plaintiffs originally filed suit against these above-referenced Defendants on March 9, 2018, seeking redress for an alleged constitutional bail policy for people accused of misdemeanor crimes in Glynn County. (Doc. 1, p. 1-29). Three and a half months after filing suit, and after substantial briefing by the parties on Defendants' Motions to Dismiss, Plaintiffs now seek leave to amend their Complaint. (Docs. 56, 68). Plaintiffs seek to amend their original Complaint in five substantive ways: (1) adding two new Plaintiffs, Robert Cox and Barbara Hamilton, (2) adding two new state law claims against Mr. Zeh individually by a non-class Plaintiff, Barbara Hamilton. (3) adding Glynn County State Court Judge Bart Altman as a

1

Defendant, (4) clarifying they seek permanent injunctive relief and monetary damages incident to said injunctive relief against Defendants Altman and Atwood, and (5) adding factual bases for Glynn County's purported liability. (Doc, 56, p. 1, 2, 7; Doc. 68). For the reasons discussed below, Plaintiffs' Motion for Leave to Amend should be denied.

## LEGAL ARGUMENT

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. "The determination of whether to grant leave to amend the complaint after responsive pleadings have been filed is within the sound discretion of the trial court." *Hester v. Int'l Union of Operating Engineers, AFL-CIO*, 941 F.2d 1574, 1578 (11th Cir. 1991). The rules of civil procedure restrict that discretion "by directing that leave to amend shall be freely given when justice so requires." *Id.* A district court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiffs' Motion should be denied for the last two reasons**.**

### A. Defendant Zeh will be prejudiced by the requested Amended Complaint

"The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *see also U.S. v. $172,760 in U.S. Currency*, No. 7:06CV51 HL, 2007 WL 1068138, at *1 (M.D. Ga. Apr. 5, 2007) (denying request to amend because of "unexplained delay" in moving to amend until three months after first possible moment). Such unexplained

delays are even more prejudicial where the non-moving party has spent substantial resources briefing dispositive motions that could be affected by the proposed amendment. *See Huey v. Philbin*, No. 7:12-CV-97, 2007 WL 3816684, at *7 (M.D. Ga. July 22, 2013).

In *Huey*, the plaintiff sought to amend his complaint to add new claims and defendants. The court denied the motion, noting that the plaintiff had filed his Motion to Amend over five (5) months after filing his Complaint and approximately one (1) month after one of the Defendant's filed his Motion to Dismiss. *Id.* The court also placed emphasis on the fact that the proposed claims were alleged to have taken place "only two and a half weeks after [the plaintiff] filed his Complaint," and yet the plaintiff "failed to provide an explanation as to why he waited about five (5) months to seek the amendment." *Id.* The court ultimately concluded that, if the plaintiff had been permitted to amend "it would cause undue delay and prejudice as several new claims and defendants would be added after Motions to Dismiss have been filed." *Id.*

Here, like in *Huey*, there has been a delay in Plaintiffs' filing of their motion to amend the Complaint. In both cases the plaintiffs have well exceeded the "21 days after serving" or "21 days after service of a responsive pleading" for which under F.R.C.P. 15 they would otherwise be entitled to amendment as a matter of course. In *Huey*, plaintiff's unexplained delay was approximately five months, here the Plaintiffs have delayed three and a half months. Moreover, Plaintiffs provide no explanation for the delay and seek to add allegations after all Defendants have filed dispositive motions. Mr. Zeh has incurred substantial expense defending meritless Plaintiffs' claims, including filing a motion to dismiss on May 9, 2018 and briefing the same through June 27, 2018. (Doc. 46-1, Doc. 58). Consequently, like in *Huey*, if Plaintiffs are allowed to amend, "it would cause undue delay and prejudice." *Id.*; *see also Mitchell v.*

*Thompson*, 1:10-CV-75 WLS, 2011 WL 7640083, at *2 (M.D. Ga. Nov. 18, 2011) (*report and recommendation adopted* 1:10-CV-75 WLS, 2012 WL 1080869 (M.D. Ga. Mar. 30, 2012), aff'd, 564 Fed. Appx. 452 (11th Cir. 2014)) (denying motion to amend in part because defendant "would be put to unnecessary trouble and expense, as she has already filed a Motion to Dismiss"). Accordingly, Plaintiffs' Motion for Leave to Amend their Complaint should be denied in its entirety.

**B. Plaintiffs' motion to amend their complaint to add two state law claims against Mr. should be denied because the claims are meritless.**

The Court need not grant a motion to amend "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (rejecting amendment where amendment would be futile). "Leave to amend a complaint is futile when the complaint as amended [or a portion thereof] would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). *See also U.S., for Use of Gen. Elec. Supply Co., a Div. of Gen. Elec. Co. v. Minority Elec. Co.*, 537 F. Supp. 1018, 1020 (S.D. Ga. 1982) (legally impermissible or meritless claims will not be allowed via an amendment of the complaint).

Here, Plaintiffs seek to add state law claims of civil theft and fraud against Mr. Zeh (on behalf of Barbara Hamilton). (Doc. 56, p. 7; Doc. 68, pp. 29-32). Plaintiffs allege that due to his "deficient outreach, screening, and appointment practices for persons seeking his help as misdemeanor public defender… the injury to Ms. Hamilton in paying $2,500 to Zeh on behalf of her son is part of the same administrative practices and conduct that formed the basis for

Plaintiffs' Sixth and Fourteenth Amendment claims against Zeh." (Id.). As discussed below, these two claims are futile.

The Motion to Dismiss filed on behalf of Mr. Zeh (as well as other Defendants) clearly explains why all other claims against him should be dismissed. (Doc. 46-1). Moreover, the two newly raised state law claims are also meritless. Mr. Zeh did not charge Ms. Hamilton $2,500 to represent her son for a misdemeanor in his capacity as a public defender. It is clear from publicly available records that Mr. Zeh was hired as a private lawyer by Ms. Hamilton to represent her son, Robert Franklin Cox, in a felony matter.

The publicly available record shows that Robert Cox was arraigned on April 1, 2015 for theft by shoplifting (originally classified as a misdemeanor). (Notice of Arraignment attached hereto as Exhibit "1"). The case was originally accused as a misdemeanor because the value of the stolen goods was $16.00. (Accusation attached hereto as Exhibit "2"). However, Mr. Cox had six prior shoplifting convictions on his record which made the charges felonies by operation of law. (E-mail to Solicitor of Glynn County attached hereto as Exhibit "3"). Pursuant to O.C.G.A. §16-8-14 upon conviction of a fourth or subsequent conviction for shoplifting, a defendant commits a felony upon any future conviction for theft by shoplifting (even if the value of the items is less than $500). Accordingly, the Glynn County's Solicitor's Office moved to transfer the case to superior court for handling as a felony. (Motion to Transfer attached hereto as Exhibit "4"). This motion was granted. (Order Granting Motion to Transfer attached hereto as Exhibit "5"). Mr. Zeh was hired by Ms. Hamilton to represent Mr. Cox on felony charges. (Check, Note, and Envelope from Ms. Hamilton attached hereto as Exhibit "6"). She mailed a check on April 1, 2015, but that did not arrive at Mr. Zeh's office until April 5, 2015. (Id.). On April 14, 2015, Mr.

5

Zeh entered an appearance in the Superior Court of Glynn County to represent Mr. Cox on charges of felony theft by shoplifting and for ambulance services called when not reasonably needed. Warrant Numbers: 14-02885 & 14-02886. (Entry of Appearance attached hereto as Exhibit "7").

Thus, from publicly available e-mails and records in Mr. Cox's felony case, Plaintiffs knew or should have known that their proposed state law claims against Mr. Zeh are meritless. There is absolutely no basis for Plaintiffs' claims that Mr. Zeh committed fraud or civil theft for representation of Mr. Cox for a misdemeanor in his capacity as a public defender when it is indisputable that he represented Mr. Cox on a felony charge in his capacity as a private lawyer. Interestingly, Mr. Cox never sought a copy of his file from Mr. Zeh, nor did Mr. Cox's attorneys send a Georgia Open Record Request to the Glynn County Solicitor's Office for communications regarding Mr. Cox. These simple requests would have shown that the claim they now seek to add lacks a factual or legal basis. To subject Mr. Zeh to these meritless claims would prejudice him greatly.

## CONCLUSION

Mr. Zeh has spent considerable time and money responding to Plaintiffs' meritless claims. For the reasons set forth above, Defendant Zeh respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend.

[signature on the following page]

This 24th day of July, 2018.

                                          OLIVER MANER LLP

                                        **/s/ D. Bobo Mullens, III**

| | |
|---|---|
| Post Office Box 10186 | PATRICK T. O'CONNOR |
| Savannah, GA 31412 | Georgia Bar Number: 548425 |
| (912) 236-3311 | PAUL H. THRELKELD |
| (912) 236-8725 FAX | Georgia Bar Number: 710731 |
| pto@olivermaner.com | DAVID BOBO MULLENS |
| pht@olivermaner.com | Georgia Bar Number: 258029 |
| dbmullens@olivermaner.com | *Counsel for Defendant Zeh* |

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FRIEDA MOCK AND ERIC SCOTT OGDEN, JR., individually and on behalf of those similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Magistrate Judge; and B. REID ZEH, III, Glynn County Misdemeanor Public Defender,<br><br> Defendants. | CIVIL ACTION NO: 2:18-CV-0025-LGW-RSB |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Respectfully submitted this 24th day of July, 2018.

OLIVER MANER LLP

**/s/ D. Bobo Mullens, III___**
PAUL H. THRELKELD
Georgia Bar Number: 710731
DAVID BOBO MULLENS
Georgia Bar Number: 258029

Post Office Box 10186
Savannah, GA 31412
(912) 236-3311
(912) 236-8725 FAX
pht@olivermaner.com
dbmullens@olivermaner.com

*Counsel for Defendant Zeh*