UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Margery Frieda Mock and Eric Scott Ogden, Jr., *individually and on behalf of those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Glynn County, Georgia; E. Neal Jump, Glynn County Sheriff; Alex Atwood, Glynn County Magistrate Judge; and B. Reid Zeh, III, Glynn County Misdemeanor Public Defender;<br><br>Defendants. | Case No. 2:18-cv-0025-LGW-RSB<br><br>(Class Action) |

**PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF MOTION FOR LEAVE**

**I.       Introduction**

Named Plaintiffs Mock and Ogden filed the above-captioned class action Complaint on March 9, 2018, on their third day of being jailed because neither of them could afford the secured bail required for their release. Doc. Nos. 1, 1-2, and 1-3. On June 26, 2018, they moved for leave to file a First Amended Complaint, primarily to add three additional parties: proposed Plaintiffs Robert Cox and Barbara Hamilton, and proposed defendant Judge Bart Altman. Doc. No. 56. On July 24, 2018, Plaintiffs filed an Amended Motion for Leave and substituted their proposed First Amended Complaint. Doc. No. 68. In this brief, Plaintiffs refer to these July 24 materials as the operative motion and proposed amended complaint.

As set forth in Plaintiffs' Motion for Leave, while focused on the three proposed additional parties, the proposed Amended Complaint also clarifies that both preliminary and permanent injunctive relief are sought in this case, and adds language regarding the bases under

1

Georgia law for finding that Defendants Jump, Atwood, Zeh, and proposed Defendant Altman are policymakers for Glynn County. Doc. No. 68 at 7.

Notwithstanding the Federal Rules' clear directive that the Court should "freely give leave" to amend, all Defendants oppose Plaintiffs' Motion for Leave. Fed. R. Civ. P. 15(a)(2). Defendants Glynn County, Jump, and Atwood argue that leave to amend would be futile based primarily on the arguments—already fully briefed when they moved to dismiss, *see* Doc. Nos. 46, 49, 55 and 58—that they are not County actors and that injunctive relief cannot be advanced against judges. Doc. No. 81 at 2–8.

Defendant Zeh argues that Plaintiffs have unduly delayed the filing of their Motion for Leave despite significant caselaw to the contrary. Doc. No. 70 at 2–3. Alternately, Defendant Zeh disputes the merits of proposed Plaintiff Hamilton's claims against him. None of the documentation attached in Defendant Zeh's response contradicts Ms. Hamilton's valid claims against him as set forth in the proposed Amended Complaint. More importantly, disputes as to the weight of evidence are properly considered at summary judgment or trial, not in evaluating a motion for leave.

In moving for leave, Plaintiffs noted that their proposed Amended Complaint, if filed, would have virtually no bearing on the fully briefed Motion to Dismiss. Doc. No. 68 at 2, 7. This is because the differences between the March 9 Complaint and the proposed Amended Complaint are primarily related to adding three additional parties. *See* Doc. No. 68-4 (Redlined Amended Complaint). Thus, the protest by all Defendants that leave should not be granted because "substantial briefing" has been completed on the motion to dismiss falls flat. Doc. Nos. 70 at 1; 81 at 1; *see also* Doc. No. 68 at 7 (noting that only language in ¶ 11 of proposed Amended Complaint "has any bearing on the pending Motion to Dismiss").

As neither opposition brief undermines the strong support favoring amendment found in the Federal Rules and corresponding caselaw, Plaintiffs request that this Court grant their Amended Motion for Leave (Doc. No. 68).

## II. Amendment is Not Futile

Defendants Glynn County, Jump, and Atwood argue that amendment would be futile because they believe their Motion to Dismiss will be granted in full. Doc. No. 81 at 4. In so doing, Defendants primarily repeat their arguments that Sheriff Jump, Judge Atwood, and—if brought into this suit—Judge Altman are not policymakers for Glynn County. *Id.* at 4 (referencing Doc. Nos. 46, 55). Defendant Zeh argues that amendment would be futile because he disputes the merits of Ms. Hamilton's state law claims against him, and wishes to raise defenses related to his requiring $2,500 from Mr. Cox and his family when Cox was referred to him as a public defender. Doc. No. 70 at 5–6.

Leave to amend a complaint is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). This is not the case here. Class Plaintiffs' constitutional claims are supported by decades of binding case law, as set forth extensively in the briefing related to Plaintiffs' Motion for a Preliminary Injunction and in opposition to Defendants' Motion to Dismiss. *See* Doc. Nos. 5-1; 43; 49; 57; 58; 69. Proposed Plaintiff Hamilton's claims are cognizable under Georgia law.

### A. Defendants Glynn County, Jump, and Atwood's Arguments Simply Restate their Motion to Dismiss

As easily identified in the redlined version of Plaintiffs' proposed Amended Complaint, most of Plaintiffs' proposed amendments relate to adding three proposed additional parties, and

not to the arguments already raised by Defendants in their Motion to Dismiss. Doc. No. 68-4. The exception is one paragraph adding language regarding why, under Georgia law, each of the individually-named Defendants sets policy for Glynn County. Doc. No. 68 ¶ 11. This language tracks Plaintiffs' arguments in their response and sur-reply opposing Defendants' Motion to Dismiss. *Id.*; Doc. Nos. 49 at 6–20; 58 at 7–8.

When it rules on Defendants' Motion to Dismiss, this Court will evaluate Defendants' arguments regarding county liability and injunctive relief against Judge Atwood—and, if added, Judge Altman—for his administrative role of authoring and enforcing a blanket bail schedule. Those arguments will operate no differently on Plaintiffs' proposed First Amended Complaint if it is filed, and so the Court need not make those determinations in evaluating Plaintiffs' Motion for Leave.

## B.    Zeh's Arguments are Proper on Summary Judgment, Not a Motion for Leave

Defendant Zeh argues that granting leave to file Plaintiffs' proposed First Amended Complaint would be futile because, he argues, proposed Plaintiff Hamilton's claims against him are meritless. Doc. No. 70 at 5–6. In so arguing, Zeh references materials attached to his opposition brief. *See* Doc. Nos. 70-1–70-7. These documents do not undermine Ms. Hamilton's claims, and certainly do not suggest that, if he brought a motion to dismiss—accepting all facts in the light most favorable to Ms. Hamilton—that Zeh would prevail. These documents show that Robert Cox was arraigned on a misdemeanor charge on April 1, 2015 and that same day met with Defendant Zeh to discuss public defense representation. Doc. Nos. 70-1; 70-2; 70-6. On April 1, 2015, Ms. Hamilton issued a $2,500 check to Zeh in connection with his representing her son, Robert Cox, who came to Zeh on an indigent defense referral and who himself had no income. Doc. Nos. 70-6; 68-2. A later-filed and later-granted motion to transfer Mr. Cox's case

to superior court has no bearing on the fact that Mr. Cox was entitled to public defense representation and that Zeh's extraction of a $2,500 payment from Ms. Hamilton in connection with Mr. Cox's case was impermissible. Doc. Nos. 70-3; 70-4; 70-5. Ms. Hamilton's claims for fraud, theft by extortion, and theft by deception are cognizable.

The proper stage for this Court to make credibility determinations as to whether the material facts support Ms. Hamilton's claims is summary judgment or trial. *See, e.g.*, Fed. R. Civ. P. 56(a); *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (Even summary judgement is inappropriate if genuine issue of material fact persists). Defendant Zeh is free to raise defenses with respect to any claims raised against him. However, the presence of those defenses is not a basis to deny Plaintiffs' Motion for Leave.

## III. Plaintiffs did not Unduly Delay Amendment

Defendant Zeh argues that the Court should deny Plaintiffs' Motion for Leave because he is prejudiced by an "unexplained delay" of less than four months. Doc. No. 70 at 2, 3. Zeh appears to suggest that *any* motion for leave to file an amended complaint after the twenty-one day time period to file as a matter of course is unduly delayed. *Id.* at 3. Such an interpretation reads Rule 15(a)(2) out of existence.

First, Plaintiffs explained that they learned of Mr. Cox and Ms. Hamilton's experience with Defendant Zeh in May 2018. Doc. No. 68 at 8. The *de minimis* delay between that time and the filing of Plaintiffs' Motion for Leave is therefore not "unexplained." Second, the three and a half month period between the filing of this lawsuit and the filing of Plaintiffs' Motion for Leave is not a prejudicial delay. *See, e.g.*, *Floyd v. Eastern Airlines*, *Inc*., 872 F.2d 1462, 1490 (11th Cir. 1989) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend."), *rev'd on other grounds*, 499 U.S. 530 (1991); *Bryant v. Dupree*, 252 F.3d

1161, 1164 (11th Cir. 2001) (despite three year pendency of litigation, denial of motion for leave to amend without further evidence of prejudice or bad faith was abuse of discretion). Defendant Zeh's reliance on an unreported case from the Middle District, *Huey v. Philbin*, No. 7:12-CV-97, 2013 WL 3814484 (M.D. Ga. July 22, 2013) is unavailing. In *Huey*, a *pro se* prisoner was denied leave to file a second amended complaint because, *inter alia*, the court found that "Plaintiff's proposed claim against Defendant Philbin would invariably be dismissed for failure to state a claim, and thus, is futile." *Huey*, 2013 WL 3816684, at *7. Here, Plaintiffs' proposed Amended Complaint would not "invariably" be dismissed and is not futile. Further, the delays discussed—in later dicta—in *Huey* do not correlate to any delay on the part of Plaintiffs Mock and Ogden. The *Huey* plaintiff sought a first motion for leave two months after the filing of his complaint, which was apparently granted. *Id.* (Referencing timeline and noting that plaintiff "filed his first Amended Complaint . . . ."). Three months later, the plaintiff in *Huey* filed a second motion for leave, which was denied. *Id.* At issue here is Plaintiffs' first motion for leave, which is not futile and in any event, more timely filed than the motion that was denied in *Huey*.

## V.     Conclusion

The Court should grant Plaintiffs' Motion for Leave to file a First Amended Complaint, which has been brought in good faith, raises meritorious claims, and is neither unduly delayed or futile.

Dated: August 14, 2018.                                  Respectfully submitted,

/s/ Andrea Woods
Andrea Woods
*On behalf of Attorneys for Plaintiffs*

James A. Yancey, Jr.
Georgia Bar Association No. 779725
Attorney at Law, P.C.
704 G Street

Brunswick, Georgia 31520-6749
Telephone: (912) 265-8562
Email: jayjr@standinthegap.biz

/s/ Kosha S. Tucker
Kosha S. Tucker *, Georgia Bar Assn. No. 214335
Sean J. Young, Georgia Bar Assn. No. 790399
American Civil Liberties Union of Georgia
PO Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: SYoung@acluga.org
Email: KTucker@acluga.org

/s/ Andrea Woods
Andrea Woods (lead counsel) *
Twyla Carter *
Brandon Buskey *
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 284-7364
Email: awoods@aclu.org
Email: tcarter@aclu.org
Email: bbuskey@aclu.org
*Admitted pro hac vice*


***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for Defendants Glynn County and Jump in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 14th day of August, 2018.

/s/ Andrea Woods
Andrea Woods
Washington Bar Association No. 48265
Attorney for Plaintiffs Margery Mock and Eric Scott Ogden, Jr.
