IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FREIDA MOCK and ERIC SCOTT OGDEN, JR., individually and on behalf of others similarly situated, | * * * * |
| Plaintiffs | * * |
| v. | * Case Number: 2:18-cv-25 * |
| GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; and B. REID ZEH III, Glynn County Misdemeanor Public Defender, | * * * * * * |
| Defendants | * |

## DEFENDANTS GLYNN COUNTY, GEORGIA AND E. NEAL JUMP'S MOTION TO STRIKE THE DECLARATION OF ANDREA WOODS AND ACCOMPANYING EXHIBIT

COME NOW Glynn County, Georgia and E. Neal Jump, Defendants in the above-styled case, and move the Court to strike the Declaration of Andrea Woods [Dkt. 93-2] and accompanying exhibit [Dkt. 93-3] filed in support of their Motion for Preliminary Injunction. In support of their motion, Defendants show the following:

Defendants responding to a plaintiff's motion for preliminary injunction are entitled to fair notice and an effective opportunity to controvert the facts adduced in support of plaintiffs' motion. *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 (5th Cir. 1971). These rights are interrelated, as "[t]he right of defendants to present controverting factual data is illusory unless there is adequate notice of plaintiffs' claims." *Id.* "It goes without saying that the requirements

1

of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them." *Id.* (quoting *FTC v. National Lead Co.*, 352 U.S. 419, 427, 77 S.Ct. 502, 508, 1 L.Ed.2d 438, 444 (1957)).

The former Fifth Circuit[1] has evaluated the steps that must be taken to ensure that a party opposing a motion for preliminary injunction has received fair notice and an adequate opportunity to controvert the facts supporting the motion. In *Marshall v. Durbin Farms*, the plaintiffs served their motion for preliminary injunction, and nine supporting affidavits, at various times during the six days preceding the hearing. 446 F.2d 353, 355 (5th Cir. 1971). At the hearing, which the trial court refused to postpone, the plaintiffs presented an additional 68 affidavits that had not previously been provided to the defendants or the court. *Id.* The trial court granted the injunction, and the Fifth Circuit reversed, holding that Federal Rule 6(d) requires "not only five days notice to the non-moving party of a hearing on the motion, but also that, when a motion is supported by affidavit, the affidavit must be served with the motion and notice of hearing." *Marshall Durbin Farms*, 446 F.2d at 358.

The Fifth Circuit noted that some courts have held that a preliminary injunction may not properly be granted on the basis of affidavits alone, and indicated its agreement with this conclusion at least with respect to cases in which "so very much turns upon an accurate presentation of numerous facts." *Id.* at 356 n.4 (summarizing *Sims v. Greene*, 161 F.2d 87 (3d Cir. 1947) (suggesting that evidentiary conflicts in such cases may never be resolved on the basis of affidavits alone but only by oral testimony); 7 Moore's Federal Practice, P65.04 (3) at pp. 1639, 1641 (suggesting that

---

[1] In *Bonner v. City of Pritchard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206 (11th Cir.1981) (en banc).

the court should be more reluctant to decide controverted factual issues in favor of the movant on affidavits alone since they are at best not too trustworthy)). "Whatever ultimate efficacy is given to affidavits as opposed to oral testimony," the court concluded, "the opportunity vel non of a defendant to contradict a plaintiff's factual showing may have a determinative effect on the outcome, since, understandably, the courts are more cautious about invoking the extraordinary remedy of the preliminary injunction where critical facts are in dispute." *Marshall Durbin Farms*, 446 F.2d at 358.

     Here, Defendants did not receive any of the evidence on which Plaintiffs rely in support of their Motion for Preliminary Injunction, the vast majority of which consists of affidavits and declarations accompanied by supporting materials, until two days prior to the hearing. [Dkt. 86-1 – 86-45]. Additional exhibits were filed by Plaintiffs less than 24 hours before the hearing commenced. [Dkt. 87-1]. Then, ten days after the hearing took place, Plaintiffs filed yet another declaration and accompanying exhibit. [Dkt. 93-2 – 93-3]. The Fifth Circuit's ruling in *Marshall Durbin Farms* that exhibits first submitted *during* a preliminary-injunction hearing cannot properly be considered in ruling on that injunction leaves no question that Plaintiffs' exhibits submitted *after* the hearing cannot be included in the record.[2] Defendants had no notice that Plaintiffs would seek to rely on the belatedly submitted exhibits, and thus had no opportunity to present controverting factual data. Accordingly, Defendants respectfully request that the Court strike the Declaration of Andrea Woods [Dkt. 93-2] and the redacted jail file that accompanies that Declaration [Dkt. 93-3] from the record.

---

    [2] In fact, *Marshall Durbin Farms* suggests that *none* of Plaintiffs' exhibits – all of which were provided to Defendants within two days of the hearing, and none of which were served with the motion they support – should be considered by the Court.

Respectfully submitted, this twenty-sixth day of September, 2018.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia State Bar Number: 687830

/s/ Bradley J. Watkins
Bradley J. Watkins
Georgia State Bar Number: 740299

/s/ Emily R. Hancock
Emily R. Hancock
Georgia State Bar Number: 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
bwatkins@brbcsw.com
ehancock@brbcsw.com

ATTORNEYS FOR DEFENDANTS

Aaron W. Mumford
Georgia Bar No. 529370
701 G. Street, 2ND Floor
Brunswick, GA 31520
(912) 554-7597

ATTORNEY FOR GLYNN COUNTY, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FREIDA MOCK and ERIC SCOTT OGDEN, JR., individually and on behalf of others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> GLYNN COUNTY, GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; and B. REID ZEH III, Glynn County Misdemeanor Public Defender, <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * Case Number: 2:18-cv-25 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this twenty-sixth day of September, 2018.

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar Number: 115145
Attorney for Defendants