UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Margery Frieda Mock and Eric Scott Ogden, Jr., *individually and on behalf of those similarly situated*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Glynn County, Georgia; E. Neal Jump, Glynn County Sheriff; Alex Atwood, Glynn County Magistrate Judge; and B. Reid Zeh, III, Glynn County Misdemeanor Public Defender;<br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-0025-RSB-BWC<br><br>(Class Action) |

## **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE**

Defendants move to strike a piece of evidence that they produced to Plaintiffs, which Plaintiffs submitted in support of their motion for a preliminary injunction. Defendants had over six months to prepare for the preliminary injunction hearing, and they had ample opportunity to dispute the weight or relevance of evidence in their post-hearing brief opposing Plaintiffs' motion.[1] There is no prejudice to Defendants and their motion should be denied.

On August 29, 2018 the Court held an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction. Doc. No. 90. At the conclusion of the hearing, the Court indicated that it would "hold the record open for ten days if you want to supplement." Tr. at 193:15–16. On September 10, 2018, Plaintiffs and Defendants both submitted supplemental briefs on the issues before the Court on Plaintiffs' Motion for a Preliminary Injunction. Doc. Nos. 93–94. On

---

[1] In addition to being in possession of the exhibit at issue, Defendants heard reference to it during the hearing. Tr. at 148:6, 169:24, 170:1. If Defendants wish to, they are free to seek leave of the Court to file a supplemental brief to respond to the exhibit.

1

September 26, 2018, Defendants moved to strike two attachments to Plaintiffs' post-hearing brief: a redacted jail file from an arrestee named Simmons inadvertently omitted from Plaintiffs' Exhibit 46 (Doc. No. 93-3), and the declaration of Andrea Woods authenticating it (Doc. No. 93-2).[2]  Doc. No. 95.

Defendants argue that it would be prejudicial for the Court to consider the redacted Simmons jail file, but this is wrong. Though the redacted Simmons jail file was inadvertently left out of the records at Plaintiffs' Exhibit 46. Doc. No. 87-1, it was referenced during the hearing along with other similar jail files. Tr. at 148:6, 169:24, 170:1. Defendants themselves produced this file during pre-hearing discovery on August 18 and 19, 2018. *See* Doc. No. 80 (ordering limited pre-hearing discovery). Because the exhibit was described at the hearing, the purpose of its introduction explained, and because the exhibit came from Defendant Jump's records, Defendants' argument that they "had no notice that Plaintiffs would seek to rely on the belatedly-submitted exhibits" is not credible. Doc. No. 95 at 3.[3] Defendants had, at a minimum, ten days after the hearing to argue about its weight.

In support of their motion, Defendants rely solely on *Marshall Durbin Farms v. Nat'l Farmers Organization, Inc.*, 446 F.2d 353 (5th Cir. 1971). In *Marshall*, an evidentiary hearing was held one week after the plaintiffs filed their complaint, and six days after defendants were served notice of the lawsuit. 446 F.2d at 355. On the day of the hearing, the plaintiffs' counsel introduced sixty-eight previously undisclosed affidavits and provided defense counsel with copies of forty-seven, leaving twenty-one unproduced. *Id.* The affidavits constituted the entirety of the plaintiffs' evidence, and the preliminary injunction litigation involved "critical facts . . . in

---

[2] Defendants do not move to strike Sheriff Jump's amended response to interrogatories, which was also attached to Plaintiffs' post-hearing brief. Doc. No. 93-4.
[3] Again, while Defendants reference "exhibits," it appears they are only talking about one exhibit—the Simmons file left out of the jail files submitted as Plaintiffs' Exhibit 46.

dispute." *Id.* at 358. As the Fifth Circuit noted, what was already a nearly "impossible situation" requiring the defendants to obtain counsel and review the allegations in a few days was thus exacerbated by the introduction of dozens of affidavits on the morning of a hearing. *Id.* at 356–57. The Fifth Circuit reversed the district court order granting the preliminary injunction and remanded the matter, because it found that plaintiffs had not served defendants with affidavits relied upon in compliance with Fed. R. Civ. P. 6(d). *Id.* at 358.

This case does not remotely resemble *Marshall*. Unlike the six days afforded defendants in *Marshall*, Defendants here had nearly six months' notice of Plaintiffs' Motion for a Preliminary Injunction by the time of the August 29, 2018 hearing. Doc. No. 6 (filed March 9, 2018).[4] Further, unlike the copious affidavits by not-yet-known witnesses at issue in *Marshall*, here Defendants dispute the introduction of a single jail file that Plaintiffs obtained *from Defendants* on August 18 and 19, 2018 pursuant to pre-hearing discovery order.[5] Third, the facts contained in the Simmons jail record, like many of the facts at issue on Plaintiffs' Motion for a Preliminary Injunction, are not in significant dispute. *See, e.g.*, Doc. No. 46-1 at 3 (Defendants noting "[t]he facts of Plaintiffs' arrest and detention are not in dispute.").

The Fifth Circuit has since distinguished *Marshall* and found that defendants afforded fifteen days' notice of a motion for a preliminary injunction prior to a hearing had received

---

[4] The Court first ordered a hearing on Plaintiffs' Motion for a Preliminary Injunction on June 12, 2018 (Doc. No. 54), and on June 15, 2018, counsel for Defendants alerted the Court and Plaintiffs that the date originally set, July 25, 2018, presented a conflict for Defendant Judge Atwood, whom counsel referred to as a "necessary witness" in the hearing. On June 26, 2018, the Court re-set the hearing for August 29, 2018. When Plaintiffs filed the instant lawsuit, the Court set a hearing on Plaintiffs' Motion for a Temporary Restraining Order ("TRO"), but not Plaintiffs' Motion for a Preliminary Injunction, for March 15, 2018. Doc. No. 15. That hearing was converted to a status conference after Plaintiffs withdrew their Motion for a TRO. Doc. No. 18.

[5] The Court ordered limited pre-hearing discovery on August 7, 2018. Doc. No. 80. Defendants compiled jail records according to this order over the course of the following week. As the files were only produced in physical form, Plaintiffs' counsel was required to travel to Brunswick to obtain them in person. Due to counsel's child care needs, this had to take place on the weekend: August 18 and 19, 2018.

"sufficient notice of the requested injunctive relief." *Tisino v. R&R Consulting & Coordinating Grp., L.L.C.*, 478 F. App'x 183, 185 (5th Cir. 2012). And more recent case law out of this Circuit confirms that *Marshall* pertained to the adequacy of notice to defendants where a preliminary injunction might issue, in instances where "facts are bitterly contested and credibility determinations must be made." *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) (finding two days' notice of hearing on motion for a preliminary injunction inadequate and reversing). Here, Defendants have had ample notice of the Motion for a Preliminary Injunction and relevant evidence, and the material facts to Plaintiffs' motion are undisputed.

In moving to strike these two documents, Defendants criticize the timing of Plaintiffs' exhibit filings, going so far as to suggest that "*none* of Plaintiffs' exhibits . . . should be considered by the Court." Doc. No. 95 at 3 n.2. These arguments are irrelevant, because only two documents—a jail file and a declaration authenticating it—are the subject of this motion. Further, Plaintiffs sought guidance from the Court regarding filing deadlines for exhibits and witness lists, and then abided by the Court's instructions. And Defendants submitted their exhibit lists later than Plaintiffs, including on the morning of the evidentiary hearing. Doc. Nos. 88, 89. Finally, the Court's instruction that the record would be kept open did not clearly foreclose the filing of corrected or updated exhibits.

While Defendants are free to dispute the evidence set forth by Plaintiffs in support of their Motion for a Preliminary Injunction, or make argument with respect to the weight that should be afforded a given piece of evidence, their motion to strike should be denied.

Dated: October 10, 2018.                                Respectfully submitted,

/s/ Andrea Woods
Andrea Woods

*On behalf of Attorneys for Plaintiff*

James A. Yancey, Jr.
Georgia Bar Association No. 779725
Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
Telephone: (912) 265-8562
Email: jayjr@standinthegap.biz

/s/ Kosha Tucker
Kosha Tucker,* Ga. Bar Association No. 214335
Sean J. Young, Ga. Bar Association No. 790399
American Civil Liberties Union of Georgia
PO Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: KTucker@acluga.org
Email: SYoung@acluga.org

/s/ Andrea Woods
Andrea Woods (lead counsel) *
Twyla Carter *
Brandon J. Buskey *
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 284-7364
Email: awoods@aclu.org
Email: tcarter@aclu.org
Email: bbuskey@aclu.org
* *Admitted pro hac vice*

**Attorneys for Plaintiff**

5

**Certificate of Service**

  This is to certify that I have this day served counsel for Defendants in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

         Submitted this 10th day of October, 2018.
         /s/ Andrea Woods
         Andrea Woods*
         Washington Bar Association No. 48265
         Attorney for Plaintiffs Margery Mock and Eric Scott Ogden, Jr.
         * *Admitted pro hac vice*