IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By STaylor at 4:24 pm, Nov 09, 2018*

| | |
|---|---|
| MARGERY FREIDA MOCK; and ERIC SCOTT OGDEN, JR., Individually and on behalf of others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:18-cv-25 |
| v. | |
| GLYNN COUNTY GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; B. REID ZEH, III, Glynn County Misdemeanor Public Defender, | |
| Defendants. | |

**ORDER FOR SETTLEMENT CONFERENCE**

The Court hereby **ORDERS** that this matter is set for a Settlement Conference on Thursday, December 06, 2018, at 9:00 AM, in the United States District Courthouse, First Floor Courtroom, 125 Bull Street, Savannah, Georgia.  To facilitate this process, the Court hereby **STAYS** this case and all deadlines **UNTIL FURTHER ORDER OF THE COURT**.

The Court issues the following directions to counsel and the parties which are designed to increase the efficiency and effectiveness of the Settlement Conference.  Counsel shall provide a copy of this Order and the attached addendum to their clients at least twenty-one (21) days prior to the date of the Settlement Conference.  Counsel and the parties are directed to pay particular attention to the directive to exchange settlement proposals in advance of the settlement conference. Given the Plaintiffs' claims in this case and the current posture, those settlement proposals must specifically address Plaintiffs' claims for injunctive relief.

## I.     Personal Appearance of Parties

Except as noted specifically in this Order, the parties or a representative with full settlement authority for the party, must appear personally at the Settlement Conference.  Defendant B. Reid Zeh III and his counsel do not need to attend the settlement conference.  Additionally, given that there are multiple Plaintiffs and proposed plaintiffs in this putative class action, Plaintiffs and proposed plaintiffs do not have to appear personally, though they may choose to do so.  Personal appearance reduces the time for communication of offers and expands the ability to explore options for settlement.  If any party is insured for the claims at issue, a representative of the insurer, with full settlement authority, shall also appear in person.  Counsel who will actually try the case and each party,[1] armed with full settlement discretion, shall also be present.  For any party that is an organization, governmental entity, corporation, or other collective entity, a duly authorized officer or managing agent of that party shall be personally present at the Settlement Conference.  <u>Having the client available by telephone is not acceptable.</u>  No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client.

One of the primary purposes of a settlement conference is to have the final decision-making representatives personally participate in the Settlement Conference and hear the presentations of the opposite side.  Only through such direct participation can a representative make settlement decisions that are informed by the Settlement Conference process.  No party is required to settle a case.  However, if a party's representative cannot evaluate and change the party's position based on developments at the settlement conference, then the settlement conference is of no practical value.  Thus, attendance by an inadequately authorized principal defeats the essential purposes of the settlement conference.

---

[1]  As noted above, however, Plaintiffs do not have to attend but may if they so choose.

2

This means that each party must attend the Settlement Conference through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the Conference. If the party representative has a limit, or "cap" on his or her authority which would require telephone or other consultation with a corporate office or a "home office," this requirement is not satisfied. To be perfectly plain: each party must bring a fully authorized client representative to the settlement conference. See Lockhart v. Patel, 115 F.R.D. 44 (E.D. Ky. 1987), regarding the potential consequences for failure to comply with this provision.

## II.     Exchanging Settlement Proposals Prior to Settlement Conference

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Thus, before arriving at the Settlement Conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. In particular, each party must make at least one specific settlement proposal prior to the Settlement Conference to resolve all claims and defenses in this case. Plaintiffs shall deliver the first proposal to Defendants' counsel on or before **November 20, 2018**. Defendants shall deliver a counterproposal to Plaintiffs' counsel on or before **November 30, 2018**.

All proposals must be made in writing or via e-mail. The parties must make their proposals in good faith, must address all claims, and must take into consideration the positives and the negatives of their claims and/or defenses.

**III.    Confidential Settlement Statements**

Each party shall provide to the Undersigned, in confidence, a concise settlement statement at least **three (3) business days before the conference**.[2] The parties are directed to be candid in their statements. The settlement statement is not to exceed seven (7), typed, double-spaced pages and should include:

(1)   analysis of the strengths <u>and weaknesses</u> of the parties' case;

(2)   a present settlement proposal;

(3)   an outline of the settlement negotiations to date; and

(4)   copies of any critical agreements, business records, photographs or other documents or exhibits <u>if not already part of the Court's record</u>.

The settlement statement should not be lengthy, but it should contain enough information to be useful to the Court in analyzing the factual and legal issues in the case. The settlement statement will not be filed with the clerk or provided to the other parties in the case. The settlement statement will be for the exclusive use of the District Judge in preparing for and conducting settlement and will not become a part of the case file.

**IV.    Course of Settlement Proceedings**

The purpose of the conference is to facilitate settlement of this case, if that is appropriate. The conference will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Undersigned in confidence will be kept confidential and will not be disclosed to any other party. The parties agree, by participating in the settlement conference, that any statements made or presented during the

---

[2] The parties are directed to e-mail their settlement statements to the Undersigned's Courtroom Deputy Clerk at: pam_hammock@gas.uscourts.gov.

4

conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings.

At the mediation, the Court will first hold separate conferences with each party, with counsel present. Each party and counsel should be prepared to engage in a discussion of the factual and legal issues of the case. Separate, confidential caucuses will then be held with counsel for each party (and, at times, the parties or a party's representative(s)). Attached is an addendum entitled "Settlement Conference Preparation" for counsel to review with their clients prior to the mediation to make the best use of the limited time allotted.

It is the Court's experience that parties appear frequently at settlement conferences fully prepared to argue liability with passion but without any detailed analysis of damages. This is not productive to the settlement conference process. **Accordingly, all parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the injunctive relief and potential categories and amounts of damages which might reasonably be awarded at trial if Plaintiffs prevail in whole or in part. This provision applies to Defendants with equal force.**

## CONCLUSION

Failure of any party to comply with the conditions in this Order may result in the Settlement Conference being rescheduled, with the party responsible to bear all associated costs. If any party believes this case presents an exceptional circumstance which would justify a variance from these rules, that party must contact the District Judge's office no later than five (5) business days before the Settlement Conference to request a waiver of the rules. Waivers are granted only by the District Judge and only on a showing of specific facts constituting exceptional circumstances. No such waiver will be valid unless entered into the record by the Court.

**SO ORDERED**, this 9th day of November, 2018.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

### **SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A.  FORMAT

   1. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

   2. The judge will not meet with parties separate from counsel.

B.  ISSUES

   1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

   2. What remedies are available resulting from this litigation including a trial? From a settlement? Are there any remedies or structure of remedies available through settlement that are not available through trial?

   3. Is there any ancillary litigation pending or planned which affects case value? What about liens?

   4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

   5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

   6. Is each Defendant and/or its carrier solvent?

C.  AUTHORITY

   1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the judge and a notice of the settlement conference will be sent.

   2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier?

D. NEGOTIATIONS

1. Where did your last discussion end?

2. Discuss settlement with the opposing parties **before** the mediation to make it proceed more efficiently.  **At least one offer and response is required.**

3. What value do you want to start with?  Why?  Have you discussed this with your client?

4. What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?  Does your client understand why?

5. Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?  What might change the outcome of the settlement conference?  Pending motions, discovery, expert's report, etc.

E. CLOSING

1. Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

2. How soon could checks/closing documents be received?

3. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions?  Do you want the Court involved in these talks?

4. If settlement is not reached, be prepared to discuss it again at the pretrial conference.