IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARGERY FREIDA MOCK; and ERIC SCOTT OGDEN, JR., Individually and on behalf of others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:18-cv-25 |
| v. | |
| GLYNN COUNTY GEORGIA; E. NEAL JUMP, Glynn County Sheriff; ALEX ATWOOD, Glynn County Chief Magistrate Judge; B. REID ZEH, III, Glynn County Misdemeanor Public Defender, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on the parties' Joint Stipulation of Dismissal. (Doc. 105.) On March 9, 2018, Plaintiffs filed this putative class action alleging entitlement to a remedy under 42 U.S.C. § 1983. (Doc. 1.) Following a hearing on Plaintiffs' Motion for Preliminary Injunction, (docs. 6, 90), the Court ordered a Settlement Conference, which was held on December 6, 2018, (docs. 98, 100). At the conference, the parties reached a settlement agreement to release all claims and to dismiss this case pursuant to the agreed upon terms. (Doc. 100.) As agreed upon by the parties, the Court maintains jurisdiction in this case to enforce the parties' Settlement Agreement in the manner, and to the extent, set forth by that Agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994). Further, in accordance with the Settlement Agreement, the Court sets forth the following established legal principles which pertain to the parties' settlement and the Court's continued jurisdiction in this case:

In the pretrial context, it is accepted "that imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible." Pugh v. Rainwater, 572 F.2d 1053, 1056 (5th Cir. 1978) (en banc) (citing Tate v. Short, 401 U.S. 395 (1971); Williams v. Illinois, 399 U.S. 235 (1970)).[1] "The demands of equal protection of the laws and of due process prohibit depriving pre-trial detainees of the rights of other citizens to a greater extent than necessary to assure appearance at trial and security of the jails." Id. at 1057 (citation omitted). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 750, 756 (1987) (characterizing right as "fundamental" in nature). "The incarceration of those who cannot [meet a bond schedule's requirements], without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements." Pugh, 572 F.2d at 1057.

"Due process and equal protection principles converge in the Court's analysis" of cases where criminal defendants are treated differently by wealth. Bearden v. Georgia, 461 U.S. 660, 661 (1983) (citation omitted). Heightened scrutiny applies where indigent arrestees who cannot meet a bond schedule suffer an "absolute deprivation" of their fundamental interest in pretrial liberty, but a delay in release for an "appropriate amount of time" is not an "absolute deprivation" subject to heightened scrutiny. Walker v. City of Calhoun, 901 F.3d 1245, 1261–62 (11th Cir. 2018) (citation omitted). In cases where pretrial detainees are *not* totally deprived of an opportunity for release because of their poverty, "courts should apply something akin to a procedural due process mode of analysis," rather than heightened scrutiny. Id. at 1265. This due process mode of analysis ensures an "'opportunity to be heard at a meaningful time and in a meaningful manner,'" but is "'flexible and 'requires analysis of the governmental and private

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

interests that are affected.'" Id. (quoting Matthews v. Eldridge, 424 U.S. 319, 333–34 (1976). "[F]ederal courts should give States wide latitude to fashion procedures for setting bail," and "there is no single 'preferred approach.'" Id. at 1269 (citation omitted).

To that end, bail systems that make "indigency determinations for purposes of setting bail" within forty-eight hours of arrest "are presumptively constitutional." Id. at 1266 (citing County of Riverside v. McLaughlin, 500 U.S. 44 (1991); ODonnell v. Harris County, 892 F.3d 147 (5th Cir. 2018)). A prompt "judicial hearing with court-appointed counsel [to determine indigency status and set bail] is well within the range of constitutionally permissible options." Id. at 1269. "The ultimate inquiry in each instance is what is necessary to reasonably assure [the] defendant's presence at trial." Pugh, 572 F.2d at 1057; see also O.C.G.A. § 17-6-1(b)(1); Mullinax v. State, 515 S.E.2d 839, 840 (1999) ("When fixing bail in Georgia, a trial judge's foremost consideration is the probability that the accused, if freed, will appear at trial and to a lesser extent 'the accused's ability to pay, the seriousness of the offense, and the accused's character and reputation.'" (citations omitted)). "Bail set at a figure higher than an amount reasonably calculated to [assure the presence of the accused] is 'excessive' under the Eight Amendment." Stack v. Boyle, 342 U.S. 1, 5 (1951) (citation omitted).

At a minimum, procedural due process requires notice of bail hearings so that detainees have "an opportunity to challenge the contemplated action and to understand the nature of what is happening to him." Vitek v. Jones, 445 U.S. 480, 496 (1980) (citation omitted); see also Matthews, 424 U.S. at 333, 348. Moreover, due process generally requires the decision maker to "state the reasons for his determination and indicate the evidence he relied on, though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law. And, of course, an impartial decision maker is essential." Goldberg v. Kelly, 397 U.S. 254, 271 (1970) (citations omitted); see also Holley v. Seminole Cty. Sch. Dist., 755 F.2d 1492, 1499 (11th Cir. 1985.)

Pursuant to the parties' Joint Stipulation of Dismissal, (doc. 105), and Federal Rule of Civil Procedure 41(a)(ii), the Court **DISMISSES with prejudice** all of Plaintiffs' claims against Defendants and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  However, the parties have consented to the Court retaining jurisdiction over this case for the purpose of enforcing their Settlement Agreement.  Pursuant to that consent, the Court **RETAINS jurisdiction** for a period of up to five (5) years to enforce the terms of the Settlement Agreement reached by the parties in this case.[2]

**SO ORDERED**, this 2nd day of July, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Though the Court retains jurisdiction to enforce the parties' Settlement Agreement and incorporates the parties' Agreement by reference, the parties need not file their Settlement Agreement on the record of this case.  Counsel shall maintain the original of the executed Agreement and copies thereof.  Should the parties seek to bring a motion to enforce the Settlement Agreement or any other matter requesting the Court to take action on the Settlement Agreement, the requesting party may move to file it under seal at that time.